USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 10/17/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ROLAND RICHARDSON,
Plaintiff,

-against-

PATRICK J. GRIFFIN, *et al.*,
Defendants.

------------------------------------------------------------X

13 Civ. 06189 (LGS)

OPINION AND ORDER

LORNA G. SCHOFIELD, United States District Judge:

This case is now before the Court upon pro se Plaintiff's Motion for Reconsideration. (Dkt. No. 8, the "Motion"). For the following reasons, Plaintiff's Motion is denied.

## I. BACKGROUND

On August 30, 2013, Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brought this *pro se* action pursuant to 42 U.S.C. § 1983 on behalf of himself, Kishma Richardson and K-Sean Stuart Richey. Plaintiff Richardson alleges that Defendants violated his constitutional rights during his incarceration at Sullivan Correctional Facility. On September 5, 2013, the Court granted Plaintiff's request to proceed *in forma pauperis*. (Dkt. No. 3). On September 10, 2013, the Court ordered service of the Complaint and summons upon Defendants. (Dkt. No. 5, the "Order"). In the Order, the Court dismissed Kishma Richardson and K-Sean Stuart Richey without prejudice on the ground that a non-attorney could not appear *pro se* on behalf of others. On October 11, 2013, Plaintiff filed the instant Motion asking the Court to reconsider the Order.

## II. STANDARD OF REVIEW

"The standards governing motions for amendment of findings under Rule 52(b), motions to alter or amend a judgment pursuant to Rule 59(e), and motions for reconsideration pursuant to

Local Rule 6.3 are the same." *ResQnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008); *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"A party seeking reconsideration 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings.'" *Wechsler*, 2004 WL 2210261, at *2 (quoting *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690, 2000 U.S. Dist. LEXIS 596, at *3 (S.D.N.Y. Jan. 18, 2000)). "The motion to reconsider cannot properly advance 'new facts, issues or arguments not previously presented to the court.'" *Wechsler*, 2004 WL 2210261, at *2 (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

### III. DISCUSSION

Plaintiff argues that Kishma Richardson, his wife, and K-Sean Stuart Richey, his son, should not have been dismissed because Defendants' actions had caused them emotional and physical harm. The basis of the Court's order to dismiss them, however, was not the absence of alleged harm. As noted in the Order, they were dismissed because the Complaint was not signed by them or their counsel. As a pro se litigant, Plaintiff, the sole signatory of the Complaint, cannot represent or otherwise appear on behalf of others. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se

means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

The fact that K-Sean Stuart Richey is Plaintiff's son does not change the analysis. "It is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.")). This is so because "[w]here [minor children] have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Cheung*, 906 F.2d at 61.

In light of this rule, the emotional and physical harm that Defendants allegedly caused Kishma Richardson and K-Sean Stuart Richey cannot "reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied. Neither this Opinion and Order nor the Order for which Plaintiff sought reconsideration prevents Kishma Richardson and K-Sean Stuart Richey from joining this action on their own behalf. They are encouraged to contact the Pro Se Office of this Court for assistance if they wish to join this action.

The Clerk is directed to close Docket No. 8 and mail a copy of this Opinion and Order to pro se Plaintiff.

SO ORDERED.

Dated: October 17, 2013
　　　　New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE