```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ROLAND RICHARDSON, et al.,                                  :
                                        Plaintiffs,         :
                                                            :      13 Civ. 06189 (LGS)
                -against-                                   :
                                                            :      OPINION AND ORDER
NEW YORK STATE DEPARTMENT OF                                :
CORRECTIONS AND COMMUNITY                                   :
SUPERVISION EMPLOYEES, et al.,                              :
                                        Defendants.         :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Pro se Plaintiffs Roland Richardson ("Mr. Richardson") and Kishma Richardson ("Mrs. Richardson")[1] brought suit against a number of employees of the New York State Department of Corrections and Community Supervision ("DOCCS") for civil rights violations arising from alleged incidents at the Sullivan Correctional Facility, where Mr. Richardson was incarcerated. This action is now before the Court on Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, Defendants' motion is converted into a motion for summary judgment for purposes of Mr. Richardson's claims, and is granted in its entirety.

## BACKGROUND

Unless otherwise noted, the following facts are taken from the Amended Complaint and documents attached to the initial complaint, which the Amended Complaint incorporates by reference. Because Plaintiffs are pro se litigants, the Court will interpret the pleading documents

---

[1] The initial complaint also named K-Sean Stuart Richey as a Plaintiff, but the Court dismissed him without prejudice in an order dated September 10, 2013, because he did not sign the complaint. The currently operative Amended Complaint names only two Plaintiffs, Roland and Kishma Richardson, in its section titled "Parties in this Complaint," and is signed only by them.

to raise the strongest claims that they suggest. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

I.      **Allegations**

The Amended Complaint ("Complaint") alleges that Plaintiffs' rights under the Eighth and Fourteenth Amendments were violated by seven employees of New York State's Sullivan Correctional Facility ("Sullivan"), where Mr. Richardson was incarcerated, in incidents that occurred over the course of 10 months between July 2011 and May 2012.

Based on the pleading documents, C.O. C. Bruno began harassing Plaintiffs on July 16, 2011, when Mrs. Richardson visited her husband Mr. Richardson at Sullivan. C.O. Bruno "kept interrupting [their] conversation by making snide grunting noises," falsely accused Mr. Richardson of squeezing Mrs. Richardson's buttocks, and yelled at both Plaintiffs. Mr. Richardson filed an internal grievance about this incident on July 20, 2011, and Mrs. Richardson appears to have written a letter to "Albany" – presumably a state governmental entity – about the same incident. When Mrs. Richardson visited Mr. Richardson on September 17, 2011, C.O. Bruno "purposefully s[at] [Plaintiffs] one seat away from her as usual to taunt [them] with her loud comments," and loudly said in a conversation with another inmate that "[t]his is a jail full of snitches and that[']s the biggest one right there," pointing to Mr. Richardson. Mrs. Richardson reported this incident in a September 18, 2011, letter to Sullivan's Office of the Superintendent, the DOCCS and the Inspector General's Office. In a December 29, 2011, letter to the DOCCS director of diversity management, Mrs. Richardson stated that C.O. Bruno continued to harass Plaintiffs during two visits in December 2011 by singling them out for petty mistreatment.

During Plaintiffs' visit on May 20, 2012, Defendant C.O. Richard Lordo ordered Mr. Richardson, at the direction of C.O. Bruno, to "straighten [his] legs under the table." Plaintiffs

2

overheard C.O. Bruno tell C.O. Lordo that "if [C.O. Bruno] were to . . . tell [Plaintiffs,] [they] will write her up and that she[ wa]s tired of [them] writing her up." When Plaintiffs stood to go to the vending machine, C.O. Lordo walked up behind Mr. Richardson and said, "[M]ake sure you spell my name right." They also heard C.O. Bruno saying, "Don't worry they complained all the way to Albany about me and I'm still here," after which C.O. Lordo "cl[e]nch[ed] his fist and t[ook] his gloves on and off looking in [Plaintiffs'] direction."

When the visit ended, instead of processing Mr. Richardson through the frisk area when he reached the front of the line, C.O. Lordo told him to wait until he was the last inmate left. When Mr. Richardson walked into the frisk area, he observed that C.O. Lordo had put on blue gloves rather than clear ones he searched the others with. C.O. Lordo instructed him to go straight into the booth and put his hands on the wall, which had never occurred before. When Mr. Richardson complied, he was punched by C.O. Lordo, tackled by C.O. Lordo and Defendant C.O. Derrick Lawrence, hit in the head with a stick, kneed on the back of the neck by C.O. Lordo, bound with mechanical restraints by C.O. Lawrence, and then stepped on in the back of the neck by Defendant Sergeant William Haas, who told him to "shut [his] mouth because [he] was screaming for help." Mr. Richardson was then taken to the clinic, where Defendant R.N. Carol Liciaga examined him. Although R.N. Liciaga noted the swelling on his face and prescribed medication for pain that continued throughout the following year, she noted "no injury" in her Use of Force Report. Defendant Lieutenant G. Sipple approved a urinalysis test on Mr. Richardson. Defendants R.N. Liciaga, Lt. Sipple, C.O. Lordo and C.O. Lawrence all noted in their respective reports of the incident that Mr. Richardson had assaulted staff. The Complaint alleges that they acted in concert with Defendant Superintendent Patrick Griffin to cover up the incident by fabricating evidence of Mr. Richardson's purported assault. Mrs. Richardson

reported the events of her May 20 visit in a May 21, 2012, letter to the Office of the Superintendent at Sullivan and to the DOCCS director of diversity management.

Based on these facts, Plaintiffs claim that their Eighth and Fourteenth Amendment rights were violated.

## II.     Facts Concerning Mr. Richardson's Exhaustion of Remedies

In addition to the documents included in the Complaint, in the record on this motion are documents submitted by Defendants.  They attach to their moving papers three grievances filed by Mr. Richardson and related documents, including a declaration by the Supervisor of the Inmate Grievance Program ("IGP") at Sullivan stating under penalty of perjury that these three grievances constitute all grievances that Mr. Richardson filed with the IGP at Sullivan.  The first grievance is an unrelated complaint regarding a package mailed to him.  The second grievance, also attached to the Complaint, is dated July 20, 2011, and concerns C.O. Bruno's conduct on July 16, 2011.  An accompanying document shows that on August 19, 2011, Superintendent Griffin found this grievance to be unsubstantiated.  The third of Mr. Richardson's grievances is dated May 20, 2012, and concerns the assault against him that day.  An accompanying document shows that on July 17, 2012, Superintendent Griffin likewise found this grievance to be without merit.  Defendants also submit a declaration from the Director of the IGP at DOCCS, who states under penalty of perjury that (i) the Central Office Review Committee ("CORC") is required to keep all grievance files and logs for five years; and (ii) a search of the CORC's database showed that Mr. Richardson had only two appeals come before the CORC, both of which were filed after his transfer to another correctional facility and neither of which was related to the incidents alleged here.  A printout of the CORC database search is attached to the declaration.

In opposition, Mr. Richardson submits three letters dated July 9, July 24 and August 14,

2012, showing that he sought to follow up on the status of his grievance.  In the August 14 letter, Mr. Richardson asked that "[his] grievance be forwarded to C.O.R.C. office by the grievance clerk or . . . M[r]. Griffin for further actions."

In reply, Defendants submit another declaration from the Supervisor of the IGP at Sullivan, in which he states under the penalty of perjury that (i) he would have received the three letters had Mr. Richardson sent them the way they were addressed; and (ii) there is no record of his office receiving any of the letters.

### III.   Procedural History

Defendants filed the instant motion to dismiss on January 31, 2014.  Mr. Richardson's response in opposition was filed on March 20, 2014, and his addendum was filed on April 2, 2014.  Mrs. Richardson's response in opposition was filed on April 9, 2014.  Defendants' replies to Plaintiffs were filed respectively on April 3, 2014, and May 7, 2014.

In filing this motion, Defendants filed both a notice to motion and a notice to pro se litigant pursuant to Local Rule 12.1, putting Plaintiffs on notice that the motion may be treated as one for summary judgment.  The Rule 12.1 notice attaches Rule 56 of the Federal Rules of Civil Procedure in full and states, in relevant part:

> You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits or other papers as required by Rule 56(e). . . .
>
> In short, Rule 56 provides that you may NOT oppose the defendants' motion simply by relying upon the allegations in your Complaint.  Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendants and raising issues of fact for trial. . . .
>
> If you do not respond to the motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendants, the Court may accept defendants' factual assertions as true.

**STANDARD**

On a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 284 (2d Cir. 2013). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

On a motion to dismiss, the court may consider the complaint, "[d]ocuments that are attached to the complaint or incorporated in it by reference," "document[s] upon which the complaint solely relies and which is integral to the complaint," and "matters of which judicial notice may be taken." *Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.*, 697 F.3d 59, 63 n.4 (2d Cir. 2012) (citations and internal quotation marks omitted).

Where a motion to dismiss presents matters outside of the pleadings, the court may consider them but only by converting the motion into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). To do so, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*.; *see Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (holding that a court may convert a motion to dismiss into a motion for summary judgment, but the opposing party must be given sufficient notice and an opportunity to respond). Although formal notice is not required

ordinarily where a party "should have reasonably recognized the possibility" of such conversion, for a pro se litigant, "[n]otice is particularly important because the pro se litigant may be unaware of the consequences of his failure to offer evidence bearing on triable issues." *Id.* (alteration in original) (internal quotation marks omitted). "Accordingly, pro se parties must have 'unequivocal' notice of the meaning and consequences of conversion to summary judgment." *Id.* at 307-08. "Absent a clear indication that the pro se litigant understands the nature and consequences of Rule 56 . . . he or she must be so informed by the movant in the notice of motion or, failing that, by the district court." *Id.* at 308. That notice should include

> a short and plain statement that all assertions of material fact in the movant's affidavits will be taken as true by the district court unless the pro se litigant contradicts those factual assertions in one or more affidavits made on personal knowledge containing facts that would be admissible in evidence or by submitting other materials as provided in Rule 56(e).

*McPherson v. Coombe*, 174 F.3d 276, 282 (2d Cir. 1999).

Summary judgment is appropriate where the record before the court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for the summary judgment motion and identifying those portions of the record that demonstrate the absence of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

### I.    Mr. Richardson's Claims

Mr. Richardson's claims are dismissed because he failed to exhaust his remedies as

required by the Prison Litigation Reform Act ("PLRA").

The exhaustion of remedies requirement under the PLRA applies to Mr. Richardson's claims. The PLRA provides that no prisoner may bring a suit concerning prison conditions under Section 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). As Mr. Richardson's claims concern his life in prison, they are subject to the PLRA's exhaustion requirement.

The exhaustion issue is not dispositive in this case on a motion to dismiss. Because exhaustion under the PLRA is an affirmative defense, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, a court may not grant a motion to dismiss on exhaustion grounds unless it is clear from the face of the complaint that the plaintiff failed to exhaust. *Kasiem v. Switz*, 756 F. Supp. 2d 570, 574 (S.D.N.Y. 2010) (citing *Jones*, 549 U.S. at 216); *accord McCoy v. Goord*, 255 F. Supp. 2d 233, 249 (S.D.N.Y. 2003). Because nothing in the Complaint or its incorporated documents clearly shows that Mr. Richardson failed to exhaust his remedies with respect to his claims, dismissal on exhaustion grounds pursuant to Rule 12(b) is inappropriate.

Nevertheless, given both parties' submission of documents outside the pleadings on the exhaustion issue, the Court exercises its discretion to convert Defendants' motion into a motion for summary judgment with respect to this issue. The notice that Defendants filed contemporaneously with their moving papers, advising Plaintiffs that the motion could be treated as one for summary judgment and that they must submit affidavits and documentary evidence or

risk dismissal of their action based on Defendants' factual assertions, constitutes sufficient notice for Rule 12(d) purposes.  *See McPherson*, 174 F.3d at 282.

The PLRA requires that inmates "properly exhaust" their remedies with respect to any grievance – that is, "using all steps that the agency holds out, and doing so properly" – before bringing suit. *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). "This entails both complet[ing] the administrative review process in accordance with the applicable procedural rules and providing the level of detail necessary in a grievance to comply with the grievance procedures." *Id.* (alteration in original) (citation and internal quotation marks omitted). In New York State's corrections system, the steps for exhaustion are set forth in § 701.5 of Title 7 of New York Regulations, which provides a three-tiered procedure: (i) an inmate initiates a grievance by filing a complaint with the facility's Inmate Grievance Resolution Committee ("IGRC"), made up of staff and inmates, within 21 days of the relevant alleged event; (ii) the inmate may appeal an adverse decision by the IGRC to the facility's superintendent; and (iii) finally, the inmate may appeal an adverse decision by the superintendent to the CORC.  N.Y. Comp. Codes R. & Regs. tit. 7, §701.5(b)-(d); *Amador*, 655 F.3d at 96-97. Where an inmate alleges harassment by prison employees, § 701.8 provides an expedited process that requires (i) the IGRC automatically to refer the grievance to the superintendent on the same day that the grievance is filed; and (ii) the superintendent to investigate all allegations of bona fide harassment – i.e., "employee misconduct meant to annoy, intimidate or harm an inmate" – and render a decision within 25 days of receipt of the grievance. N.Y. Comp. Codes R. & Regs. tit. 7, §§ 701.2(e), 701.8(b)-(d), (f). Under § 701.8, the inmate may appeal the grievance to the CORC if the superintendent fails to respond within 25 days, § 701.8(g), or within seven days of receiving the superintendent's adverse decision, § 701.8(h).

9

Any appeal to the CORC must be taken by filing a notice of decision to appeal, Form No. 2133, with the inmate grievance clerk.  §§ 701.5(d)(1)(i), 701.8(g)-(h).

In *Hemphill v. New York*, the Second Circuit established a three-part inquiry that "is appropriate in cases where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA."  380 F.3d 680, 686 (2d Cir. 2004).  "[T]he court must ask whether administrative remedies were in fact 'available' to the prisoner."  *Id*.  "The court should also inquire as to . . . the defendants' own actions inhibiting the inmate's exhaustion of remedies," which "may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense."  *Id*.  Even if "the court finds that administrative remedies were available" and that "the defendants are not estopped and have not forfeited their non-exhaustion defense," courts should still consider whether "special circumstances" might justify failure to comply with the exhaustion requirement.  *Id*.  The Second Circuit has recently questioned whether the second and third steps of the *Hemphill* inquiry – estoppel and special circumstances – survive the Supreme Court's holding in *Woodford* concerning proper exhaustion, but declined to reach the issue.  *Amador*, 655 F.3d at 102.

Even construing the record before the Court in the light most favorable to Plaintiffs, there is no genuine dispute that Mr. Richardson has failed to properly exhaust his remedies with respect to all of the incidents alleged in the Complaint.  The affidavits and documents filed by Defendants show that although Mr. Richardson filed three grievances during his incarceration at Sullivan and two appeals to the CORC within the last five years, he did not appeal any grievance concerning events alleged in the Complaint up to the CORC.  None of the documents submitted by Plaintiffs, whether incorporated into the Complaint or attached to their submissions, raise a

10

question of fact regarding that failure. While Mr. Richardson filed grievances with Sullivan's IGP concerning Plaintiffs' July 16, 2011, encounter with C.O. Bruno and the May 20, 2012, assault, Plaintiffs' submissions do not show that either of these grievances were appealed to the CORC in accordance with §§ 701.5 and 701.8. Mrs. Richardson's four letters, whether to Sullivan's Superintendent or other offices, cannot serve as substitutes to the requisite CORC appeal. The closest that Plaintiffs' submissions get to showing that Mr. Richardson appealed any of the events alleged in the Complaint to the CORC is the third of the three letters that Mr. Richardson says he sent to the IGRC and the Superintendent, in which he "ask[s] that [his] grievance be forwarded to the C.O.R.C. office by the grievance clerk or . . . M[r]. Griffin for further actions." However, that request is still not enough to satisfy the requirement that Mr. Richardson exhaust his remedies properly – i.e., by filing a notice of decision to appeal to the CORC, Form No. 2133, with the inmate grievance clerk in accordance with §§ 701.5(d)(1)(i) and 701.8(g)-(h).

Moreover, even assuming that the doctrines of estoppel and special circumstances set forth in *Hemphill* survive *Woodford*, none of Plaintiffs' submissions raise the inference that any of the three *Hemphill* factors are applicable. First, Plaintiffs do not argue that they should be excused from the exhaustion requirement. Moreover, even construing all evidence in the light most favorable to Plaintiffs, the only colorable argument that Plaintiffs' submissions offer in this respect is Mr. Richardson's assertion, made under penalty of perjury in his response to Defendants' moving papers, that he never received Superintendent Griffin's July 17, 2012, decision finding his grievance regarding the May 20 assault to be without merit. Mr. Richardson's assertion is supported by the two follow-up letters dated July 24 and August 14, 2012, in each of which he states that he had yet to receive any response to his grievance dated

May 20, 2012. The absence of a response to a grievance, however, cannot serve as a ground for which to excuse an inmate from the exhaustion requirement. "It is well-settled . . . that even when an inmate files a grievance and *receives no response*, he must nevertheless properly exhaust all appeals before his grievance is considered exhausted." *Hecht v. Best*, No. 12 Civ. 4154, 2012 WL 5974079, at *3 (S.D.N.Y. Nov. 28, 2012) (alterations and emphasis in original) (internal quotation marks omitted); *accord George v. Morrison-Warden*, No. 06 Civ. 3188, 2007 WL 1686321, at *3 n.55 (S.D.N.Y. June 11, 2007) (holding same and citing cases). Moreover, in this case, Superintendent Griffin's failure to make a timely response did not prevent Mr. Richardson from properly exhausting his remedies, because Mr. Richardson was entitled to appeal his grievance to the CORC 25 days after the filing date even without a response. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.8(g).

Because Mr. Richardson has failed both to exhaust his remedies as required by the PLRA and to show that he should be excused from the exhaustion requirement, his Eighth and Fourteenth Amendment claims regarding Defendants' alleged harassment and abuse are dismissed.

## II.    Mrs. Richardson's Claims

To the extent that Mrs. Richardson seeks to assert Eighth and Fourteenth Amendment claims against Defendants, she lacks standing to do so because the Complaint fails to allege that she suffered any injury cognizable under § 1983. *See Hedges v. Obama*, 724 F.3d 170, 188 (2d Cir. 2013) (holding that to have standing, a plaintiff must show, *inter alia*, an injury in fact). All allegations in the Complaint concern Mr. Richardson's constitutional rights in the context of his incarceration, and Mrs. Richardson cannot bring those claims on her husband's behalf. *See McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (dismissing the claim of an

inmate's wife and child for constitutional violation against the inmate).

The Court has granted summary judgment to Defendants on all of Plaintiffs' claims arising under federal law.  To the extent that Mrs. Richardson asserts the intentional or negligent infliction of emotional distress, they are state law claims.  The Court declines to exercise supplemental jurisdiction over these state law claims.  *See* 28 U.S.C. § 1367(c)(3); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").  Consequently, Mrs. Richardson's claims are also dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion is converted into a motion for summary judgment in part, and GRANTED in its entirety.  The Clerk of Court is directed to close all open motions and the case.

SO ORDERED.

Dated: August 11, 2014
       New York, New York

*[signature]*

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**